UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY TINKER, <u>et al.</u>, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendants. | ) |

## <u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant, the United States of America,[1] respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss the Complaint in this action. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

[1] The individual defendant was the driver of a United States Postal truck, but the United States was substituted as the sole defendant by operation of 28 U.S.C. § 2679(d). <u>See</u> Certification (attached to Notice of Removal Of A Civil Action).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY TINKER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

I. INTRODUCTION

Plaintiffs have instituted the instant action in the Superior Court for the District of Columbia alleging injuries received in an automobile accident in December 2003. Complaint, ¶¶ 4-11. The United States was substituted for the individual Defendant through a Certification filed on March 29, 2007; and the action was removed to the United States District Court for the District of Columbia.

As set forth below, the claims are subject to dismissal, because the United States has been substituted as the sole defendant for such claims by virtue of a certification under 28 U.S.C. § 2679(d), and Plaintiffs have not alleged the timely exhaustion of administrative remedies as required by 28 U.S.C. § 2674 in order to pursue a claim under the Federal Tort Claims Act ("FTCA"). In any event, the claims are subject to dismissal for failure to timely present the claims.

## II.  ARGUMENT

Plaintiffs' claims are subject to dismissal. The United States has been substituted as the sole defendant in this action. See Certification; 28 U.S.C. § 2679(d). Plaintiffs have not alleged the timely exhaustion of administrative remedies as required by 28 U.S.C. § 2674 in order to pursue a claim under the Federal Tort Claims Act ("FTCA"). The FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States. Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675, which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a); see GAF Corp. v. United States, 818 F.2d at 904 n.7. This requirement is jurisdictional and cannot be waived. Hohri v. United States 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh. denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other

grounds sub nom. United States v. Hohri, 482 U.S. 64 (1987). An action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed. McNeil v. United States, 508 U.S. 106, 112-13 (1993). Moreover, procedural prerequisites in Section 2675(a) must be strictly construed inasmuch as the FTCA constitutes a waiver of sovereign immunity. Lann v. Hill 436 F. Supp. 463, 468 (W.D. Okla. 1977).

Because Plaintiffs have not claimed to have exhausted the requisite procedure, they have failed to allege facts that would state a claim within the jurisdiction of this Court. See Sanchez v. United States, 49 F.3d 1329, 1329-30 (8th Cir. 1995); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of a claim to the appropriate Federal agency and a final disposition of the claim by that agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981) (dismissing for lack of jurisdiction, inter alia, because "the complaint does not allege that an administrative claim was presented to the Federal agency"); Campbell v. United States, 496 F. Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein is deficient, in that it fails to aver that the required administrative procedures were timely commenced and that there

has been a final disposition of the administrative claim by the appropriate agency or agencies.").

In <u>McNeil</u> v. <u>United States</u>, 508 U.S. at 112-13, the FTCA action was dismissed when the claimant commenced suit prior to resolution of the administrative claim but before substantial progress was made in litigation. The Court found Section 2675(a) to command dismissal of the plaintiff's claim as premature. Plaintiffs here have failed to establish that they have timely exhausted the administrative remedies called for in Section 2675(a).

A plaintiff must present the claim to the appropriate federal agency within two years of the accrual of the cause of action. <u>Schuler</u> v. <u>United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980); <u>Norman</u> v. <u>United States</u>, 377 F.Supp.2d 96, 99 (D.D.C. 2005); 28 U.S.C. §§ 2401(b), 2675(a). At a minimum, this administrative claim must consist of a demand in writing for a specified sum of money. <u>GAF Corp.</u> v. <u>United States</u>, 818 F.2d at 919; <u>Montova</u> v. <u>United States</u>, 841 F.2d 102 (5th Cir. 1988). A failure either to file an administrative claim or to file it within two years of the accrual will deprive a district court of jurisdiction over the claim. Neither failure can be waived. <u>Jackson</u> v. <u>United States</u>, 730 F.2d 808, 809 (D.C. Cir. 1984); <u>Keene</u> v. <u>United States</u>, 591 F.Supp. 1340, 1344 (D.D.C. 1984).

As noted, Plaintiffs have not alleged the timely exhaustion of administrative remedies under the FTCA, and because the claims stem from an injury that allegedly occurred on December 20, 2003, see Complaint, ¶ 4, no FTCA claim can be timely filed now (over two years later). Thus, no claims can proceed absent proper and timely exhaustion. Because the time to properly exhaust has passed without any administrative claim having been filed with the agency, see Declaration of Gregory Faison, ¶¶ 2-3, this action should be dismissed with prejudice.

III. CONCLUSION

For the foregoing reasons, the complaint should be dismissed.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/ W. Mark Nebeker
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

-5-

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

AUDREY TINKER, and As Next Friend )
of Andrea Morton and Antonise Morton, )
                                               )
    Plaintiff,                      )
                                               )
v.                                         )    Case No.
                                             )
CAROLYN DAVIS,             )
                                           )
    Defendant.          )

### DECLARATION OF GREG FAISON

I, GREG FAISON, make the following declaration in lieu of affidavit pursuant to 28 U.S.C. § 1746. I am aware that this declaration is the legal equivalent of a statement under oath and that it will be filed in the United States District Court for the District of Columbia.

1. I am presently employed by the United States Postal Service in the Capital District as a Tort Claims Coordinator.

2. I am the custodian for the accident investigation files and am responsible for processing and maintaining Tort and Accident claims made against the United States Postal Service for the Capital District.

3. I have reviewed the tort claim files for the fiscal years 2003 through the present, and Audrey Tinker has not filed a tort claim in the Capital District during that time for herself or on behalf of Andrea Morton or Antonise Morton.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

_____
GREG FAISON
TORT CLAIMS COORDINATOR
CAPITAL DISTRICT

_March 29, 2007_____
Date

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss, supporting memorandum and a proposed order has been made by mailing and faxing copies thereof to:

EDWIN QUARTEY, ESQ.
Quartey & UMANA, LLC
Spring Street Center
1400 Spring Street, # 120
Sivler Spring, MD  20910
(301) 587-0090
fax: (301) 587-5540

on this 29th day of March, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230